UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| | | | |
|---|---|---|---|
| Case No. | EDCV 16-1971 DSF (SPx) | Date | 11/8/16 |
| Title | Herbert E. I. Hanson v. Select Portfolio Servicing, Inc., et al. | | |

Present: The Honorable    DALE S. FISCHER, United States District Judge

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs | Attorneys Present for Defendants |
| Not Present | Not Present |

**Proceedings:**   (In Chambers) Order GRANTING Plaintiff Herbert E. I. Hanson's Motion to Remand (Dkt. 13) and REMANDING Action to State Court

Before the Court is Plaintiff's motion to remand (Dkt. 13). Defendants also filed motions to dismiss (Dkts. 11, 17, 19). The Court deems these matters appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15.

Courts construe the removal statute strictly against removal. Boggs v. Lewis, 863 F.2d 662, 663 (9th Cir. 1988). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Any doubts must be resolved in favor of remand. See id. Defendants based removal on diversity jurisdiction under 28 U.S.C. § 1332, but the Court has doubts about the citizenship of certain Defendants that must be resolved in favor of remand.

Plaintiff identifies Tiffany & Bosco, P.A. as a corporation. See Dkt. 1, Ex. 2 at ¶ 4. In the removal notice, Defendants identify it as "an Arizona professional association" with citizenship based on the state of organization and principal place of business. See Dkt. 1 at ¶ 10.d. In its motion to remand, however, Plaintiff asserts that because Tiffany & Bosco is a professional association, the citizenship of each member – some of whom are citizens of California – is relevant for diversity purposes. Dkt. 13 at 9. If so, this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

Court has no jurisdiction, as the parties agree that Plaintiff is a citizen of California.  See Dkt. 1 at ¶ 10.a.

In response, Defendants quote 28 U.S.C. § 1332(d)(10) and purport to identify Tiffany & Bosco as an "unincorporated association."  See Dkt. 20 at 1-2.  While that subsection does set the citizenship of "unincorporated associations" based on state of organization and principal place of business, it applies only in certain class actions – not here.  Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006).  Still, Defendants' citation to § 1332(d)(10) indicates their position is that Tiffany & Bosco is an "unincorporated association."  The Supreme Court recently reaffirmed that an unincorporated entity possesses the citizenship of each of its members.  See Americold Realty Trust v. Conagra Foods, Inc., 136 S. Ct. 1012, 1014 (2016).  If Tiffany & Bosco is an unincorporated entity with members who are citizens of California, the Court lacks jurisdiction.

Because Defendants failed to meet the burden of establishing diversity, Plaintiff's motion to remand is GRANTED. The case is remanded to the Superior Court of California, County of Riverside.  The Court has no jurisdiction to rule on Defendants' motions.

IT IS SO ORDERED.